Approximately two months ago, this Court in Corolli v. Metropolitan Dental Associates affirmed Judge Coates' grant of a motion for a new trial, which she granted the motion for a new trial after finding that the jury's award of damages were too high, and she was concerned that she had admitted evidence that she should not have. And I start with Corolli for two related reasons. One, it makes clear that this Court has the ability to review Judge Block's grant of a motion for a new trial in due course. The other reason is it puts to rest their argument, Ms. Doe's argument, that this case is reviewable under the collateral order doctrine. So I'm sorry. When you say can review denial of a – that was a grant of a motion for a new trial.  And we reviewed it essentially on direct appeal. There wasn't an interlocutory – Correct. There was no interlocutory appeal there, and nor can there be. Again, 1292B was not implicated, involved in Corolli, but I raise it, as I said, this Court can review Judge Block's grant of a motion for a new trial in the appropriate course and that it's not reviewable under the collateral order doctrine for the very reason that this Court can review it at a later time. Turning to 1292B, this Court doesn't have subject matter jurisdictions. Judge Block certifies the order granting a new trial on October 17th. On October 28th, this Court – I'm sorry, Ms. Doe's application to this Court was due under 1292B. November 22nd, we moved to dismiss the appeal for lack of jurisdiction. There had been no application to this Court. Can I ask on the timeline? Yes. So the day after the Rule 59 grant, so September 18th, the notice of appeal was filed. Correct. Did that divest the District Court of Jurisdiction? Yes, I believe it did. So, therefore, the – that's what's before us, in a sense. Your motion to dismiss the appeal for lack of jurisdiction would be based on the failure to have filed at the time the District Court was divested of jurisdiction, the failure to have filed with the District Court first permission to file an interlocutory appeal. I didn't raise that argument, Judge Mason, but I think that's an alternative basis for the Court. Now that you raised it, that's an alternative basis to dismiss. I don't know the answer whether – you know, certain things, for example, fee applications can be heard even though a notice of appeal has been filed. I don't know the answer to your question whether an application under 1292B would fall into that category. I don't know. I don't know either. That's why I'm asking. But my point is you don't even have to get there because it's still otherwise untimely. But I think what happens next potentially matters. So if we were to say that notice of appeal divested the District Court, we should dismiss for lack of appellate jurisdiction because it doesn't fit in collateral order doctrine, and there was no filing with the District Court while the District Court had jurisdiction seeking permission to file an interlocutory appeal. If we dismiss at that point, wouldn't your colleague on the other side say, fine, we go to the District Court now that it has jurisdiction again and seek permission to file an interlocutory appeal? Presumably Judge Black would say, I said what I said, and then the 10-day clock would start at that point, wouldn't it? At that point, I mean, conceptually maybe, but at that point we're now six months later. And so I think the Court doesn't have to go there because the Court can just deny it for the reasons that we articulate, that even if you accept that the application under 1292B was timely and that the Court had jurisdiction to consider it. And I just don't know the answer to your question whether the divest, the filing of the notice of appeal. So I don't think, if you're correct, and I emphasize I don't think, because in, I can never pronounce the name of the case, but in Macing U, I think that application came late as well. And so the Court. But it treated that as a permission, right? The Court there treated the notice of appeal as permission for interlocutory. I don't think that's right, Judge. No, okay. Ultimately, that was the result. They found that, you know, they found Judge Furman's detailed order explaining why certification was appropriate. But I'm pretty sure the request, I don't even, I don't even think there was ever even a, there wasn't even a request. Yes, it was a, quote, functional equivalent of a 1292B petition for purposes of invoking the Court's jurisdiction over his petition. Right. May I take us perhaps down the road? I mean, we have the jurisdictional question that we have to consider.  But assuming we were to find in your favor on that and this case went to trial again, I gather the judge ordered a plenary trial. Correct. Though the jury found your client to have committed forcible rape. And Judge Block's reasons for ordering a new trial didn't cast doubt on that finding so much as the finding as to the age of the victim. And so I'm looking down the road. There's a new trial. If the next jury were to find that it was not forcible rape, you'll be back in front of this court, the two of you, arguing about whether that should have been allowed to go to a second jury. And unless we were to rule for your favor on that point, this could be a third trial then on damages anyway, because if the first, if the jury didn't find forcible rape, they wouldn't have gotten to damages. My point is, there's an awful lot of potential litigation down the road. Have you all considered a settlement conference in this case, given the finding of forcible rape? I was not involved at the trial level, Judge. The court offers that through its camp process.  I was not involved. I understand that the answer is no. The answer is no. I understand. I cannot, I do not know whether settlement negotiations. But obviously, Your Honor raises a good point, because if you agree with us, there could be. Of course. But depending on how they come out, this could be a lot of litigation. And I would think that everyone's time and money is more constructively spent settling it. But in any event, you have not explored that. Correct. That is it. I see my time's up. I understand I do not have rebuttal. I don't know if that's the case. But if the court doesn't have any other questions, we rest on our pavers, and thank you. Thank you. Mr. Ashanti. Good morning, and may it please the Court. I am Carl Ashanti, Attorney with the Law Offices of Musa Oberg and Law PC, appearing on behalf of Plaintiff Appellant Jane Doe. Just to answer Your Honor's question regarding settlement negotiations really quickly, there were settlement negotiations that were taking place until Judge Block vacated the verdict. And concerning the 1292B petition here, it is a past position that it is timely under the case, as stated by opposing counsel Mei-Hsing Tzu, where the court found that the filing of a notice of appeal, which triggers the automatic transmission, electronic transmission of the record, coupled with the filing of the Forms C and B, which gives substantive information to this court regarding the appeal, is the functional equivalent of meeting the 10-day requirement. Concerning the merits, the — I'm not sure I quite follow that argument, so help me out a little bit here.  The filing of the notice of appeal was before there was a certification, and the time limit that you found not to have complied with, or that they're arguing you didn't comply with, is triggered by the certification. So help me out again with your argument for why you don't have a problem? Certainly, because it was literally impossible for there to have been such an application based upon the certification, because the certification came on October 17th of last year. Yeah. And the order itself was on September 17th. Right, but you didn't file it within 10 days of October 17th. I mean, if the trigger date is the certification, you would have had to have filed within 10 days of the October 17th date, and you didn't do that, if I understand it correctly. Right. That's why we're citing the case of Meijing Zhu, which is actually very similar, in that there was the same late filing of the certification petition, the 1292B petition. Specifically, the Court found that it was, it is the functional equivalent of a timely appeal if there is that notice of appeal that's filed within 10 days, and if there is, you know, the forms C and D filed. So you want us to treat your pre-certification notice of appeal as the functional equivalent of a post-certification within 10 days, filing, seeking our interlocutor review? That is correct, because the notice of appeal is a notice of appeal whenever it's filed. I mean, it is, and it was here filed. Explicitly, the Court found that it was the filing of the notice of appeal within the 10 days that triggered the exception for concerning the timeliness. I mean, there are many similarities there. There is one, the fact that the, in Meijing Zhu, the notice of appeal was filed four days after the district court's entry of the order to be appealed. But it did come after, as opposed to before. So it seems like you're asking for two steps, right? Treat the notice of appeal as permission to file an interlocutory appeal and treat it as having been filed after the district court granted that permission, whereas it was filed before. And I'm not sure I see authority for that second step. In the Meijing Zhu case, the Court doesn't really focus on the timeliness of the notice of appeal in relation to the certification. It focuses on in relation to the entry of the order. And there, there's a striking similarity between timeliness of the notice of appeal here and that in Meijing Zhu. Additionally, in Meijing Zhu, the Court specifically addresses the timeliness of the filing of the Forms C and D, which provides substantive information to the Court about the appeal. And that was filed 17 days after the district court's order of the opinion to be appealed. Here, the Forms C and D were filed 15 days, so two days sooner than the example that was set in Meijing Zhu. And finally, the Court focused on the transmission of the record within that period of time, within the 10 days, and that's exactly what happened here because the notice of appeal triggered the transmission of the record to this Court. So the Court's language, I believe, was that we have all the information that we need in order to exercise our discretion, whether to permit the interlocutory appeal. That's Meijing Zhu. I have the citation here immediately in front of me. But it was at 97, page 97, in that opinion. So your subsequent motion for leave to appeal under 28 U.S.C. 1292b was redundant. It wasn't redundant because we needed to set forth the factors that are in 1292b, such as that it was a controlling question of law for which there could be substantial ground for disagreement. And we believe here that the idea of a verdict, a nine-figure jury verdict, for a heinous and reprehensible rape of a child, forcible rape of a child, is something that this Court should decide whether under the Child Victims Act cases that is permissible or whether or not, as a matter of law, it could never be permissible. So to get around this sort of 10-day timeliness issue where, if I'm understanding it right, the suggestion is we treat the notice of appeal that was filed as having already prematurely, but sometimes things are premature and then they ripen when they've ripened. So if it ripened when the district court certified or issued its decision, that satisfies the 10 days. And then your subsequent request for certification of interlocutory review was a supplemental document relative to that initial filing. Correct. And Judge Block, that's how Judge Block treated it. And that's why Judge Block adopted the reasoning in the request for certification. And found that explicitly that the factors that go into a 1292B petition were met here. I'm a little confused about that because it seems to me all you filed was a regular notice of appeal. How would either this Court or your adversary know that you were seeking interlocutory appeal or what your grounds were for thinking you qualified for it? I mean, it seems to me you filed a regular notice of appeal, not an interlocutory I mean, you in no way indicated when you filed that that you recognized that you needed approval from this Court to file an interlocutory notice. And my point there is it's the same way in the Meijing U case. I'm sorry. It's the same? It's the same way in the Meijing U case. That upon that filing of the notice of appeal, there was no certification 1292B petition that was filed with it. There was no certification at that point. The certification came a couple of months later. But it's – I mean, I'm just looking at language from that opinion, which said that that opinion, so that notice of appeal identified the order from which – for which review was sought. It also triggered the automatic electronic transmission to the court of the notice of appeal, just like you said happened here. That opinion fully informed us of the considerations relevant to whether the district court's order was appropriate for Section 1292B appeal. We thus knew within 10 days of the district court's order everything we needed to know in order to exercise our discretion whether to permit the interlocutory appeal. But so – I think there – What's missing, I think, is that – is the – where it says that opinion fully informed us of the considerations relevant to whether the district court's order was appropriate. Right. Because here, in that case, the judge actually had the certification as part of the opinion itself. Here, Judge Block did not, which is why we sought that from the court, and then the court then certified. I guess in – Effectively amended the original – The original order. The original 59 order. Correct. Correct. But then – but that's what we have – I mean, the rule says – this is 1292B – the court of appeals which would have jurisdiction of an appeal of such action may thereupon in its discretion permit an appeal to be taken from an amended order – it doesn't say that – but an appeal from such order if application is made within 10 days. And if appellate procedure 583, if a party cannot petition for appeal unless the district court first enters an order granting permission to do so – that's what we have here – the district court may amend its order, either on its own or with motion, to include the required permission or statement. We've got that. In that event, the time to petition runs from entry of the amended order. Right. Well, I – in the language of the petition itself, it says within 10 days after entry of the order. And it's our position that because of – it was impossible to do so because there was no certification at that time that that is functionally met. And just as in the Mazin Yoop case, the court set out certain factors where whether – just to look substantively, do we have enough information to know what's going on here? And I would – and the court focuses on the filing of the Forms C and D within a couple of weeks of the entry of the order, and that's exactly what happened here as well. You know, 30 days was when the gap between the entry of the order and the certification and so there could not have been a 1292B petition within that time until after Judge Block issued the decision on October 17th granting certification. So I believe – Could I just ask with the presider's indulgence, just briefly, your view of whether the notice of appeal that you filed on the September 18th divested the district court of jurisdiction? Do you have a view? I do not believe it did, you know, because as counsel pointed out, there can be instances where the judge has, you know, certain responsibilities with respect to fee applications and such. And here, there was an obligation of the court to rule on our petition for certification, which came later and the court did so. See, I'm not sure how that helps you because if you acknowledge that the court still had jurisdiction to enter the certification order, I would think once that certification order was filed, was entered, you had certain obligations under 1292, no? Yes, Your Honor. In order to show the court that there was the, you know, the merits of the petition. Well, you had to file within 10 days that you wanted to pursue an interlocutory appeal. Well, I would say that that's not set forth in 1292B because the order that it's mentioning here, within 10 days after entry of the order, it's not referring to certification. It's referring to the order to be appealed from. And that was issued by the court on September 17th. Okay. Thank you. Thank you. Appreciate it. Thank you both. We'll take another advisement.